### SCHMIDT v KINNEY

Ohio Appeals, 2nd Dist, Montgomery Co

No 1283. Decided May 6, 1935.

Marshall & Harlan, Dayton, for R. H. Schmidt.

John M. McCaslin, Cincinnati, and Clifford Curtner, Dayton, for Edwin H. Kinney.

### OPINION

By THE COURT

This case was submitted to us with the result that some weeks ago we announced a decision in which the judgment of the lower court was reversed for the reasons stated in such decision. (See 19 ABS 52).

An application for rehearing was filed and a rehearing granted upon one question, namely, as to whether the two issue rule applied in this case.

Upon our former review of the case we considered this question and were then of opinion that while there were different specifications of negligence stated in the petition that the same in reality constituted but one general specification of negligence.

Upon a careful review of the pleadings and of the authorities, we are of opinion that the case falls within the rule announced in the case of Sites v Haverstick, 23 Oh St, 626. We think the grounds of error set forth in our recent decision are well taken, yet are also of opinion that such errors, in view of the record, would not justify a reversal of the judgment.

The case of Sites v Haverstick has been followed for a number of years and while there has been some criticism of this rule the same has never been overruled by our Supreme Court and must therefore be followed by this court. Our further consideration of the case leads us to the conclusion that different specifications of negligence are stated in the petition, some of them being acts of commission upon the part of the defendant below and some of them acts of omission upon the part of such defendant and that such different grounds of negligence can not be construed as one general specification of negligence.

If this conclusion is correct, then as there was a general verdict without any interrogatories to determine upon which specific acts of negligence the verdict was based, the verdict and judgment of the lower court must be upheld notwithstanding the errors pointed out in our former opinion. Entertaining these views, upon such rehearing, the judgment of the lower court will be affirmed.

KUNKLE, PJ, BARNES and HORNBECK, JJ, concur.