## GUTTERMAN v BOHM

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 4, 1935

Knight & Gluck, Youngstown, and Hahn & Hunt, Youngstown, for plaintiff in error.

Wm. E. Pfau, Youngstown, for defendant in error.

## OPINION

By ROBERTS, J.

The answer of the defendant does not allege that the injury and death of the plaintiff's decedent were the result of his being struck by another motor vehicle after alighting upon the pavement, and that his death was the result of such injury, but the general allegations of the petition, which in effect deny negligence or liability on the part of the defendant, permits such proof.

The issues submitted to this court are upon two propositions. Counsel for the plaintiff claim that the court committed

prejudicial error in the general charge to the jury after argument, where the court said, R. page 252:

"Now, it is the claim of the plaintiff that the defendant was negligent in certain respects: First, that the defendant, through his employe, was operating the truck at an excessive rate of speed, to-wit, 40 miles per hour. There was in full force and effect at that time a statute of the state of Ohio enacted by the legislature which reads as follows, so far as it is pertinent to the issues in this case: 'No person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the road or highway and of any other conditions then existing. It shall be prima facie lawful for the operator of a motor vehicle to drive the same at a speed not exceeding the following: 45 miles per hour on highways outside of municipal corporations. It shall be prima facie unlawful for any person to exceed the foregoing speed limitation'."

This instruction is a part of §12603 GC. This section, by its terms, provides limits upon the operation of motor vehicles, but clearly is intended to refer to and be applied to automobiles. It is further claimed by counsel for the plaintiff in error that it was prejudicial error for the trial court to give this quotation from §12603 GC, in view of the existence of §7249 GC, which is found in Chapter 9 under the title "Traffic Regulations" and reads, in part, as follows:

"§7249 GC. Operation of commercial cars with respect to speed. Maximum weight and speed upon highways, streets and so forth. No commercial cars of the kind and weights enumerated in this section shall be operated in the business and closely built up portions of a municipality, or in any other portions thereof, or outside of a municipality, at a greater rate of speed than is reasonable and proper, having regard for the width, traffic, use and the general and usual rules of such roads or highways. A greater rate of speed than the following shall be prima facie evidence of a rate of speed greater than is reasonable and proper for general safety and the protection of the roadways. * * * For vehicles equipped with pneumatic tires, designed for transportation of property, whose maximum weight of vehicle and load is more than six tons, twelve miles per hour in the business and closely built up portions of municipal cor-

porations; eighteen miles per hour in other portions thereof, or twenty miles per hour outside of municipal corporations."

The truck of the defendant Bohm, in its weight, and with or without its load, was in excess of the six tons provided in the quotation herein above made, so that the last paragraph is applicable to the truck of the defendant Bohm, and by it, it was limited to a speed not in excess of twenty miles per hour, and by the further provision of said section, a speed greater than twenty miles per hour was prima facie evidence of a rate of speed greater than is reasonable and proper for general safety and protection of the road.

It will thus be observed that in the instructions given by the court regarding §12603, GC, the jury was instructed that only a speed greater than 45 miles per hour was prohibited, and that it was prima facie unlawful for any person to exceed such speed of 45 miles per hour. This court is of the opinion that the provisions of §12603 GC should not have been given to the jury; that said section was not applicable to the instant case; that while it is a general provision for motor vehicles, its intention presumably was to regulate passenger cars, and that by §7249 GC, the Legislature expressly limits the speed of commercial cars and prohibited a speed greater than twenty miles per hour. Therefore, under the instructions given, the jury would have a right to assume that a speed of the truck not more than 45 miles per hour might be considered as reasonable and proper, whereas, as a matter of fact, under the applicable section, the truck had no right to exceed a speed of 20 miles per hour. In view of the evidence of the driver of this truck, Mr. Hawley, that he was driving from 20 to 25 miles an hour, it might reasonably be concluded that he was exceeding the speed limit of 20 miles per hour. This court is of the opinion that the trial court committed prejudicial and reversible error in this respect.

Another proposition is raised by counsel for the defendant in error, and that is the claim that the so-called two issue rule is applicable in this case, and under these circumstances to which allusion has herein before been made, that it was the contention of the defendant that the decedent received his injury, which caused his death, by being struck by a hit-skip driver, and not as a result of being thrown out of the truck in which he was riding, by the force of its collision with the defendant's truck. It is claimed that the two issue rule is thus

proper for application, one issue presumably being the proposition that the plaintiff's decedent was killed by causes or forces not connected with the defendant, as above stated, and the other issue a general denial that the injuries of the plaintiff's decedent resulted from the collision and because of any negligence on the part of the defendant. This contention has received considerable attention and consideration from this court. Some authorities upon the proposition of what constitutes the two issue rule and when it may be invoked will now be cited.

Attention is first directed to the case of **Sites v Haverstick et, 23 Oh St, 626.** This case was decided more than sixty years ago and has been recognized as controlling in many decisions of the Supreme Court down to the present time. The syllabus reads as follows:

"Where the jury, by their verdict, find the issues joined in the cause in favor of one of the parties, this is to be taken as a verdict finding each and all of the issues therein for such party.

In such case, if the issues are such that a finding of either of them in favor of the successful party entitles him to the judgment rendered, the judgment will not be reversed for error in the instructions of the court relating exclusively to the other."

The facts in the case are briefly stated as follows:

"This was an action to recover possession of real estate. The plaintiff claimed title by descent, and the issue was taken as to the validity of a marriage, by which her title was sought to be defeated. The defendants claimed that the plaintiff had released her title to them, and issue was also taken as to whether the deed of release had been obtained by fraud. These two were the only issues in the case. The jury, by their verdict, found the issues joined in the cause in favor of the defendants, and judgment was entered accordingly. The plaintiff now seeks to reverse the judgment on the ground that the court erred in its instruction to the jury touching the validity of the marriage in question."

The court said:

"By the verdict of the jury we must understand that both issues were found in favor of defendants. The jury therefore found that a valid deed of release had been executed by plaintiff to the defendants. It

is immaterial, therefore, to inquire whether the court erred in its instructions touching the marriage, as those instructions could in no wise affect the result of the case or prejudice the plaintiff."

It will be observed in this case that there were two separate and distinct defenses, first that the plaintiff had released her title, and also as to whether the deed of release had been obtained by fraud. This, therefore, can not be taken as an authority for the facts in the instant case, unless and until the facts in the case under consideration may be construed to constitute two causes of action.

In the case of **H. E. Culbertson Co. et v Warden, 123 Oh St, commencing on page 297,** it is said in the syllabus:

"The rule declared in **Sites v Haverstick, 23 Oh St 626,** has no application to specifications of negligence, separately stated and numbered, but which in fact constitute a single negligent act resulting in a single loss and damage."

In the opinion the court say, on page 302:
"It is true that the petition alleged five specifications of negligence, which were separately stated and numbered: (1) Failure to place lights upon the plank; (2) permitting and suffering the plank to be placed where it was dangerous to travel; (3) negligence in failing to remove the plank; (4) failing to construct the poles, gates and guards so that persons using the highway would be informed of its dangerous condition; (5) failing to employ a watchman to warn the public of the existence of the obstruction.

The majority of the Court of Appeals therefore adopted and applied the well known rule which originated in **Sites v Haverstick, 23 Oh St 626,** and which has been followed in numerous subsequent cases. This rule, as generally applied, is that where there are two causes of action or two defenses, thereby raising separate and distinct issues, and a general verdict has been returned, and the mental processes of the jury have not been tested by special interrogatories to indicate which of the issues was resolved in favor of the successful party, it will be presumed that all issues were so determined; and that, where a single determinative issue has been tried free from error, error in presenting another issue will be disregarded.

This rule has prevailed for approximately sixty years in all the courts of review of this state, and, while it has not met with

universal favor, it has nevertheless been a settled rule, and in proper cases universally applied. It is not deemed expedient to further extend the operation of the rule, and the majority of this court are not willing to apply the rule where only a single cause of action for negligence is pleaded, involving a single damage, and therefore a single recovery, though there may be more than one specification of negligence."

It will be observed that the Supreme Court in the above quotation held that different allegations of negligence in a petition did not constitute separate causes of action. In the instant case, as before stated, there was a general denial, which permitted introduction of evidence, for instance that the defendant did not commit the act charged, or that it was not committed by him, for the reason that some other person was the guilty party. This however, does not constitute two defenses but simply a defense in form and in nature of a general denial that the defendant was not guilty. This court, therefore, finding that the two issue rule was not applicable to this case, no error was committed in not giving it to the jury. It may be further suggested that no such issue in the trial was claimed or instructions asked therefor.

Upon this proposition we desire to cite, without quoting therefrom as pertinent to the two issue rule, the cases of **McAllister v Hartzell, 60 Oh St, 69; Cawley v Bolander, 120 Oh St, 535,** and particularly pages 556 and 557 of the opinion, and also the case of **The Cleveland Railway Company v Masterson, 126 Oh St, commencing on page 42.**

Having found that the two issue rule was not applicable in this case, this contention does not militate against the right and duty of reversal urged by counsel for plaintiff in error. Judgment of the Court of Common Pleas is reversed and the cause remanded.

Judgment reversed.

CARTER and NICHOLS, JJ, concur.