### DUFFY v BONNELL

Ohio Appeals, 7th Dist, Mahoning Co

No 2397. Decided Oct 21, 1938

C. H. Dyson, Youngstown, for plaintiff-appellee.

Charles F. Scanlon, Akron, for defendant-appellant.

## OPINION

By BENNETT, J.

A judgment for plaintiff-appellee in the Court of Common Pleas in this case was originally reversed by this court because of an error in the charge. It has since been shown that the transcript of the charge was erroneous and that the charge actually given did not contain that particular error shown in the original bill of exceptions. The bill of exceptions has been corrected in that respect and a rehearing was allowed.

On rehearing the first error relied upon by the appellant is the fact that the court charged the "assured clear distance" statute under the circumstances involved in this case, which were as follows: The accident occurred at the intersection of Lowell Avenue and Rush Boulevard in the City of Youngstown. Rush Boulevard runs north and south and has a heavily planted park way strip in its center. Lowell Avenue intersects from the west but there comes to a dead end and does not extend east of Rush Boulevard. Each of the traffic lanes on Rush Boulevard is eighteen feet wide from curb to curb and the park way strip is of about the same width. The planting on the park way at this point is so thick and high, even overhanging the park way curb, as to be a complete screen of an automobile. The opening opposite

Lowell Avenue in the park way strip is about fifty feet wide. The defendant was driving south on the west traffic lane of Rush Boulevard and the plaintiff was a passenger in a car which had been driving north on the east traffic lane and had made a left turn through the open space in the park way strip at Lowell Avenue, intending to proceed west on Lowell Avenue. The plaintiff's car therefore was to cross the defendant's pathway and was coming into that pathway from behind the screen of shrubs with which the park way was planted. The defendant's story was that she was not going fast, probably twenty to twenty-five miles per hour, and that just as she was practically at the intersection the other car darted out from behind the bushes directly in her path.

The plaintiff's story was that the car in which he was riding moved forward until that driver could see up Rush Boulevard and stopped. This caused the front end of the car to project some four feet past the park way curb into the traffic lane on which the defendant was approaching. Plaintiff and his driver testified that the defendant was then some three hundred feet away and the driver thought he had sufficient time to make it and started forward, but they were struck because of the speed at which they said the defendant approached, some forty to forty-five miles per hour.

The defendant was approaching from the plaintiff's right and had the right of way, if she was proceeding in a lawful manner. §6310-28a GC. The court charged this statute, but also charged the assured clear distance clause of §12603 GC in the following language:

"Third. That said defendant at said time and place carelessly, negligently and unlawfully operated her said automobile at a greater speed than would permit the same to be stopped within the assured clear distance ahead. That relates to a section of the statutes of Ohio relative to the operation of motor vehicles and is a part of §12603 GC, and reads: 'No person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.' That is a penal statute and the violation of a penal statute is negligence per se. That is, in and of itself, if it is the proximate and direct cause of injury if it has been established by the greater weight of the

evidence. Now, what does the evidence reveal to you upon that charge of unlawful conduct made by the plaintiff against the defendant as to whether or not the defendant was operating her car at that time and place at a greater speed than would permit her to bring it to a stop within the assured clear distance ahead. We cannot amplify that language, we cannot add to it, we cannot abstract from it; we have to take that language in the plain intendment that it is used in the statutory form. What did she observe or could she have observed or was the car ahead of her so that she could have seen it at that time and place and could she have stopped the car within the assured clear distance ahead. The theory of the plaintiff in the case is that the car of the defendant was some distance from the intersection when the car in which the plaintiff was riding was in the intersection. The theory of the defendant is that it approached suddenly and there was no time to use the brakes or the mechanical devices upon the car. I think in short I have placed in these last two sentences or expressions the theory of the whole law suit, one claiming that the car of the defendant was quite a distance down the street when they were entering the intersection and the other that it happened suddenly, quickly so that no action of the defendant could be had to prevent a collision. You determine under the rules that I have given you on credibility and on the weight of the evidence the facts exclusively from anything that has been said by counsel or the court on the question of facts. the facts are wholly for you to determine from the evidence. Now, as I have said, what does the evidence reveal on that charge to you."

At the close of the court's charge the defendant "specifically objected to the giving of the charge on the assured clear distance ahead."

The court is not in agreement about this part of the case. Judge Carter feels that there was no error in the above quoted portion of the charge. Judges Nichols and Bennett believe that the charge was prejudicially erroneous, but are not in exact agreement as to what this charge should have contained.

The crux of the question is the relationship between the "assured clear distance" statute (last clause of first sentence of §12603 GC) and the right of way statute (§§6310-28 and 6310-28a GC) in connection with collisions at street intersections.

Judge Nichols and the writer concede, of course, that if the jury were to find that the defendant's approach of the intersection were unlawful for any reason other than a claimed violation of the assured clear distance statute, then she would have lost her right of way preference given her by §§6310-28-28a, GC, and the assured clear distance statute might be applicable and could be charged.

The above quoted charge, however, is not conditioned upon the jury's having found that the defendants approach was unlawful in any other respect and raises the question as to whether the assured clear distance statute has any applicability in intersection cases where the conduct of the driver approaching from the right is otherwise lawful.

Judge Nichols believes that the court was in error in charging the "assured clear distance" statute at all in the case at bar, unless its applicability was predicated specifically upon a prior finding by the jury that the defendant had lost her right of way preference by conduct unlawful for some reason other than violation of the "assured clear distance" statute itself. He feels that the right of way statute. §§6310-28 and 28a GC gives the automobile which is in a lawful manner approaching the intersection on the right hand, a legal right to an open and "assured clear distance" through the intersection. He feels that, inasmuch as the right of way statute, as construed in **Morris v Bloomgren, 127 Oh St 147**, gives the defendant a legal right to assume that she will have a clear and uninterrupted path through the intersection, it cannot be good law to say that under such circumstances she would be guilty of negligence per se if she proceeded at a speed perfectly lawful in every other respect and based on the justified assumption that the path would be clear, but so fast that she could not stop in time after the automobile from her left got wrongfully in front of her. He relies on

**Morris v Bloomgren, 127 Oh St 147.**
**Souder v Hassenfeldt, 48 Oh Ap 377, 383.**
**Slocumb v Wurst, 25 Abs 477.**
The judges in the latter case also were not in entire agreement, but Judge Barnes says specifically,

"To give effect to the assured clear distance provision of the Code would negative the provisions of the right of way section."

Judge Geiger, the dissenter, neither relies upon nor mentions "assured clear distance" in his dissenting opinion. And a motion to certify this case was, of course, overruled by the Supreme Court.

Judge Williams in Souder v Hassenfeldt, says,

"For instance that portion of the statute (assured clear distance provision) would seem to have no application where one who has the right of way drives across an intersection. and one who does not have the right of way approaching on a side street runs suddenly and unexpectedly in front of the former when it was the duty of the latter to yield the right of way."

Judge Nichols calls attention to the last syllabus of Morris v Bloomgren, which reads as follows:

"The driver of a vehicle lawfully approaching from the right has the right to assume that the driver of the vehicle approaching from the left will obey the law by yielding the right of way. If however the former. just as he is approaching or entering the intersection, discovers that the latter is not yielding the right of way and has thereby placed himself in a perilous situation, it becomes the duty of the former to use ordinary care not to injure the latter after becoming aware of his perilous situation,"

and believes that the court meant what it said as to the duty of the defendant to use "ordinary care" after she discovered that the plaintiff was not yielding her the right of way. He feels that the Supreme Court in that case could not simply have overlooked the "assured clear distance" provision and that the rule of "ordinary care" is the proper rule to govern the defendant's conduct after the plaintiff's violation of the right of way is discovered.

Judge Nichols and Judge Bennett agree that it is not proper to charge the "assured clear distance" statute in intersection cases simply upon an abstract ▆▆▆▆▆ theory (1) that the sine qua non of the right of way privilege is approaching "in a lawful manner" and (2) that it therefore should be a jury question to decide whether or not the defendant had approached in an unlawful manner because of any violation of the assured clear distance statute. It seems clear to both of us that, in the nature of things, the right of way sections, in giving a right

of way, a clear path to those "lawfully" approaching the intersection from the right. could not be so construed as to make unlawful the conduct of a defendant otherwise lawful, because the vehicle to the left crashed the right of way and got in front of the car to the right contrary to the statute. The car with the right of way has the statutory right to proceed ▆▆▆▆ ▆ at a lawful speed through the intersection and at a speed, the lawfulness of which should be premised on the legal right not to have the man from the left in front of him.

On page 153 of Morris v Bloomgren, the opinion reads:

"It is argued that a construction such as we give to those sections disadvantages the unfavored driver and puts a premium on an unlawful, careless or negligent driver who happens to have the right of way, and that it places upon the driver of the vehicle approaching from the left too great a responsibility for resulting collisions; but this is probably what the Legislature intended. In Ohio we have various laws regulating the speed limit of automobiles. One of them, §12603, GC, prohibits the operation of motor vehicles in public highways at a speed greater than is reasonable or proper, having due regard to the traffic, etc. The trial court covered that section in its general charge. In this connection it must be borne in mind that the privileged right of way is granted only to those who proceed 'in a lawful manner.' If the privileged occupant of the right of way is not so proceeding, if at the time of approaching or crossing the intersection he is driving at an unlawful, excessive speed, or if he should be found violating §12603, GC, or should be driving through the intersection on the left or wrong side of the highway, such driver would not be proceeding in a lawful manner, and could not claim the preference given him by the quoted traffic sections. However, so long as such driver proceeds lawfully, at a speed that is reasonable and proper, and without violation of, but in obedience to, law or ordinance, he is entitled to maintain his right of way, his statutory right to proceed uninterruptedly, while approaching and crossing the intersection. Because of the dangers lurking and fatalities occurring at highway intersections, the Legislature adopted definite rules for those approaching intersecting highways, rules intended to safeguard the traveling public. For those who obey its traffic laws, it gives its shield of protec-

tion; to those who disregard them, it denies that shield."

In the light of this language of the Supreme Court and of further language in the same opinion which we will not take space to repeat, it seems to the writer that the driver, otherwise proceeding in a lawful manner and having the statutory right of way, can be under no obligation to change his speed by reason of the "assured clear distance" statute until such time as the other car actually gets in front of him or until it becomes apparent that it is not yielding the right of way and is going to get in front of him. So long as he is otherwise proceeding in a lawful manner, the car to the right has the legal right of way which of itself means that he has the legal right that the car to the left shall not get in front of him or "ahead" of him. In other words, the car with the right of way has a legal right of an "assured clear distance ahead" of him through the intersection, unimpeded by the man on his left.

Phrasing it still another way, at intersections the car to the right, proceeding otherwise in a lawful manner, has the legal right that the situation shall not arise which would invoke any "assured clear distance ahead" principle.

On the other hand, as soon as the man with the lawful right of way sees the man from the left in his path ahead of him, or as soon as it becomes apparent that the latter is not going to yield the right of way to him or to give him an "assured clear distance ahead through the intersection" to which he is entitled, then, as pointed out by Judge Jones, it becomes his duty to use due care not to injure the other despite the fact that he is entitled to the right of way.

Up until that instant, in my judgment, he can measure his speed in reliance on a right of way which eliminates any consideration of the man on the left being in front of him. After that time his conduct and his speed cannot depend on a right of way which he now knows he has not gotten. And, in my judgment, thereafter his speed should be governed not only by common law duty of due care but by the statutory duty in the assured clear distance ahead statute. In the application of that statute, he has of course the benefit of all of the limitations upon it which are applicable to such a situation. The test is a subjective one. **Gumley v Cowman,**

**129 Oh St 36, 39.** His failure to stop in time may be excused and he may "avoid the legal imputation of negligence per se by establishing that without his fault, and because of circumstances over which he has no control, compliance with the law was rendered impossible."

**Kormos v Credit Men's Company, 131 Oh St 471.**

**Pflugfelder v Convent, 55 Oh Ap 158,**

Concretely then, as to the case at bar, we believe that if the jury believed the defendant's story that the plaintiff's car darted in front of her from the screen of bushes on her left, there would be no place for any application of the assured clear distance statute, whether this is based on Slocumb v Wurst and Morris v Bloomgren, or be based on the "legal excuse" doctrine of Pflugfelder v Convent and Kormos v Credit Men's Company. I believe the conclusion of a legal excuse would follow as a matter about which reasonable minds could not differ, if the defendant's story is believed by the jury. On the other hand, if the jury believed the plaintiff's story that they started cautiously across Rush Boulevard with the defendant still three hundred feet away in open view, I believe that the assured clear distance statute would be applicable under proper charge of the court.

Again concretely as to the charge as given. To repeat, Judge Nichols believes it error to have given the charge as to assured clear distance at all, unless specifically conditioned that it would be applicable only if they found that the defendant's approach was "unlawful" in some other respect. The writer believes that the part of the charge copied above is prejudicially erroneous only in that it does not make it sufficiently clear to the jury what questions were being left to them for determination. Apparently the trial judge and the writer had substantially the same general impression as to the applicable principles of law. In a field that is so confused that no two of the judges in this court and no two of the judges in the court of the Second District (Slocumb v Wurst) can agree completely on what the governing principles are as to the relationship between "right of way" and "assured clear distance", it is bound to be confusing to a jury unless the issues of fact upon which they are asked to pass, are clearly defined to them. The trial court quoted the statute, charged specifically that the violation of the statute is negligence per se,

said that he could not amplify or explain the language of the statute, did not include the "legal excuse" defense, at least as such, then brought in the idea that the crux of the case as a whole is to depend on which story is the true one, but then concludes without telling the jury what the issues of fact are, if any, which they are to determine under this specification of negligence. I believe, therefore, that the charge is primarily at fault in not adequately telling the jury just what questions of fact they had to decide on this issue. Not only is a "failure to define the issues" itself not simply a matter of omission, but this charge is also affirmatively wrong in beginning with the affirmative charge that the violation of the statute is negligence per se without limiting its application by the proper definition of the questions which were involved and which were to be decided by the jury before any conduct on the defendant's part could be negligence per se as a violation of this statute.

In my opinion a proper charge on this question should be double barreled and and (1) be first qualified to the effect that if the jury found the defendant's conduct unlawful in any other respect under proper charges heretofore given respecting these other matters, then the provisions of assured clear distance provision would be applicable and (2) that, even if the jury found the defendant's approach had not been unlawful in any of these other matters, this statute would still be applicable if and after the defendant discovered that the plaintiff's car was not yielding the right of way to which this defendant was entitled and the duty of the jury would then be to determine (a) whether she did drive at a speed greater than would permit her to stop within the assured clear distance ahead, (b) if she did so whether or not she had a "legal excuse" (as she would have had if the jury believed her story), and (c) whether such violation, if they found she had no excuse was the proximate cause of the accident.

The members of the court regret their inability to agree on this matter and realize the unfortunate situation in which it places the court which will hear the case on retrial. It is hoped that further light in this field will in the meantime have been received from the Supreme Court.

The second alleged error of which complaint is made is the following portion of the charge:

"Now, under the light of the evidence submitted you determine from the evidence whether or not the defendant was operating her car at that time and place in a lawful manner, and that would relate to whether she was operating on the right hand side of her street or highway; whether or not she was or was not violating the speed limitations, and that relates to §12603 GC. 'It shall be prima facie lawful for the operator of a motor vehicle to · drive the same at a speed not exceeding the following: twenty miles per hour in the business or closely built up portions of the municipal corporation and thirty-five miles per hour in all other portions of the municipality.' It is concededly a section of the city that is not a business section of the city; it is concededly a section of the city where it is not a closely built up portion of the city, so that the limitations of speed as limitations of speed, and of course they are always only prima facie, are not applicable to the charge here with respect to that phase of it."

This charge was given as part of the charge concernnig "right of way" as reflecting on whether or not the defendant, whose car was approaching from the right, was approaching the intersection "in a lawful manner", within the meaning of that phrase in §6310-28 GC. Defendant's counsel contends that he had a right to have the court affirmatively charge that, inasmuch as it is conceded that the intersection was not in the business or closely built up portions of Youngstown, a speed of thirty-five miles an hour was prima facie lawful. He took a special exception to the failure of the court so to charge. The court unanimously believes him to be entitled to such a charge. Judges Nichols and Bennett believe that the words above emphasized leave the meaning of the paragraph so in doubt as to constitute error in this respect. Judge Carter feels that the court meant by these words that the twenty mile limitation was not applicable and that the charge was therefore sufficient.

Judge Nichols also wishes to record his belief on authority of Simco v Miller, 133 Oh St 345, that there was additional reversible error in the charge, (1) on the fourth specification of negligence in saying,

"Sec 12603-1 GC must be established for its violation by the greater weight of the evidence and a violation thereof is negligence,"

this section not prescribing a specific requirement of law, and (2), in saying,

"Now, the drivers of both vehicles upon the highway had equeal rights provided they both exercised ordinary care and obeyed the law of the road * * *".

Inasmuch as these matters were neither argued nor assigned as error, Judge Bennett expresses no opinion about them or the relation of these quotations to the charge as a whole.

Judgment reversed and remanded for new trial.

NICHOLS, PJ, and CARTER, J, concur in the judgment.

## CONCURRING OPINION

By CARTER, J.

I desire to make my position clear in this case. First, it is my view that the part of the charge of the court wherein the assured clear distance provision of the statute was given was not erroneous in the light of the facts and evidence in the case. The lane in which the defendant was traveling was a lane used exclusively for south bound traffic. The evidence discloses that immediately prior to the collision she was driving down the center of the lane. The plaintiff and the driver of the car in which he was riding testified that she was driving at the rate of forty to forty-five miles per hour as she approached this intersection. It is conceded that the place where this collision occurred was not in that part of the city designated a closely built up portion thereof, and if she was proceeding at such a rate of speed as testified to by plaintiff, and also as testified to by the driver of the car in which plaintiff was riding, she was at the time operating her car prima facie unlawfully. However, assuming she was driving at a rate of speed as testified to by the defendant, to-wit, twenty-five to thirty miles an hour, such might have been unlawful under all the circumstances in the case, taking into consideration the surrounding conditions, circumstances and facts as disclosed by the evidence. In either event it was a factual question for the jury to determine as to whether the defendant was approaching the intersection lawfully or unlawfully, and if she approached this intersection unlawfully she thereupon lost her preferential right of way and the common law rule would prevail, to-wit, the one who reached the intersection first would

have the right to proceed. However, each, in such event, would be required to exercise ordinary care, and there can be no question from the evidence in the case that the plaintiff and the driver of the car in which he was riding reached the intersection first, and the jury could have very properly found under the evidence that defendant approached the intersection in an unlawful manner and therefore lost her preferential right. If so, all that has been said and cases cited relating to the assured clear distance statute have no application where one has the right of way under the statute; if defendant was approaching the intersection unlawfully she had no right of way. Was the court in error when he charged the assured clear distance statute? I think not. This was a one way traffic lane, as hereinbefore indicated, and according to the testimony of plaintiff and the driver of the car in which plaintiff was riding, the driver drove out about four feet into the traffic lane on which defendant was approaching and stopped his car in that position, saw her approaching some 250 to 300 feet distant, and then proceeded to cross. Certainly, if such was the case, defendant did not have an assured clear distance ahead as the car was on the lane of traffic the moment the car in which plaintiff was riding entered the lane and was in her lane of traffic until struck by defendant's car. Of course, if defendant was approaching the intersection in a lawful manner, she then had a right to proceed, and if the driver of the car in which plaintiff was riding darted out suddenly and unexpectedly, as defendant claims, then it is my opinion that the assured clear distance statute has no application and comes within those classes of cases wherein there was a legal excuse for not being able to stop in conformity with the statute, the burden of proof in such cases being upon the one claiming the existence of a legal excuse in exoneration of a violation thereof.

We must bear in mind that there are two sides to this law suit, not one only, and the court should give the law applicable to not only one of the contentions made in the case, but the law applicable to the contentions of both plaintiff and defendant. It is my opinion that there was no error in the court charging the assured clear distance ahead statute.

Relative to insufficiency of the charge, it is true that the court could have more clearly defined the issues, as urged by Judge Bennett in his opinion. However, these

were sins of omission and not commission, and counsel should have requested a further clarification, if desired. This is the rule of this state and requires no citation of authorities.

There was no error wherein the court charged §12603-1 GC must be established for its violation by the greater weight of the evidence and a violation thereof is negligence. Certainly this was a correct statement of the law; certainly the failure to exercise ordinary care is negligence. However, I agree with my associate, Judge Nichols, that the court was in error when he charged that the drivers of both vehicles upon the highway had equal rights, provided they both exercised ordinary care and obeyed the law of the road. Of course the court did not say that such was the case at this intersection, but I am of opinion that the jury would so construe same. Such is not the law of this state. Their rights were not equal if both exercised ordinary care and obeyed the law of the road. We have in this state the right of way statutes, where the one having the right of way has the right to proceed uninterruptedly in a lawful manner in the direction in which he is moving in preference to another vehicle approaching from a different direction in his path. Surely under this section, if the defendant was approaching the intersection lawfully or in a lawful manner, the right of the other party was not equal to the right of the defendant to proceed. In my opinion this statement was misleading and prejudicially erroneous, and for this reason, while not argued by counsel for appellant, it was nevertheless in my judgment misleading, and for this reason I am content that the cause be reversed and a new trial had. I therefore concur in the reversal for this reason.