**BEHRENS v WARRICK**

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1625. Decided June 12, 1940.

McMahon, Corwin, Landis & Markham, Dayton, for plaintiff-appellee.

Robert C. Knee, Dayton, for defendant-appellant.

**OPINION**

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

On the 20th day of July, 1938, a Ford automobile, driven by Mrs. Amelia Riner, was proceeding northwardly on State Route No. 741 (known as the Dayton-Springboro Pike). The plaintiff, a sister of Mrs. Riner, was a passenger in the automobile, riding on the right side of the front seat.

A Chevrolet, driven by the defendant, Carl Warrick, was proceeding westwardly on State Route 725 (known as the Centerville-Miamisburg Road). The Centerville-Miamisburg Road was a principal or main thoroughfare. South of State Route 725 and along the east side of the Dayton-Springboro Pike, facing northbound traffic, were two signs: First, a sign reading "Stop sign ahead", and near the intersection of the two routes a sign also facing northbound traffic reading "Stop through traffic".

The two automobiles collided at the intersection of the two routes; which car struck the other was a matter in dispute. Exhibits A and C, which are pictures of the two cars, was referred to as evidence on this question.

The intersection to the southeast was in a measure obstructed by a growing field of corn.

As a result of the collision, the plaintiff, Miss Behrens, received certain injuries and thereafter brought action against the appellant. The case was tried in the Common Pleas Court and resulted in a verdict and judgment in favor of appellee in the sum of $5500.00. Within due time defendant gave notice of appeal.

The appellant in his assignment of errors set out eleven separately numbered specifications of error, only four of which are referred to in appellant's brief. We will follow our usual course in not considering any assignment of error not set out in the brief.

The errors so listed to which the brief refers are the following:

1. The trial court erred in instructing the jury upon the law of assured clear distance.

2. The trial court erred in refusing to give Special Charge No. 2 requested by appellant to be given before argument.

3. That incorrect rule as to measure of damages was given in the general charge.

4. That certain evidence offered by the appellant was erroneously rejected.

We will take up the claimed errors in the same order as presented in the briefs:

1.

The trial court erred in instructing the jury upon the law of assured clear distance.

At the request of counsel for plaintiff, the trial court, before argument, gave Special Charge No. 1, as follows:

"I charge you Members of the Jury that the Statutes of the State of Ohio provide that:

No person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and

width of the road or highway and of any other conditions then existing and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.

If you find that the defendant violated that provision of the Statutes of Ohio then I charge you such conduct on his part would be negligence and if such negligence was the proximate cause, or one of the proximate causes of the collision, then your verdict in that event should be for the plaintiff and against the defendant."

Also in the general charge, on page 220 of the record, we find the following:

"To drive a car at a speed greater than will permit the driver to bring it to a stop within the assured clear distance ahead, is in and of itself negligence."

In the case of **Blackford v Kaplan, 135 Oh St 268,** in a per curiam, the court at pages 271 and 272, quotes Special Request No. 3, given at the instance of plaintiff before argument. This request in the reported case is substantially the same as Special Request No. 1 in the instant case. At page 272, starting with the first paragraph, the court makes the following statement:

"The doctrine of assured clear distance has no application to drivers of automobiles approaching an intersection on different intersecting roads under ordinary circumstances. Surely it did not apply to the defendant with reference to the automobile driven by Hanna, for the defendant had the right of way so long as he proceeded in a lawful manner; but the doctrine did not have application to each driver in operating his automobile through the fog. There was evidence that the foggy condition was such that a driver of an automobile could see but a short distance ahead. The statute therefore required each driver to operate his au-

tomobile at such a speed that he could stop within the assured clear distance ahead considering the fog. There was error in giving the charge without proper explanation, and the general charge, though setting out the section in full, did not supply the required explanation."

On page 272 of the opinion the court makes the pronouncement that the trial court "improperly charged on the doctrine of assured clear distance ahead as heretofore indicated in discussing Request No. 3."

The evidence in the instant case presents no extraordinary circumstances, unless perchance it be the obstruction by the growing corn, and even so the trial court failed to make any explanation to the jury as required under the decision of the Supreme Court.

The Court of Appeals of Erie County had under consideration the identical question in the case of **Wade, Admr. appellee v Schneider, appellant, 63 Oh Ap 24 (Oh Bar, January 22, 1940).** Syllabus 3 reads as follows:

"3. In the absence of a showing of extraordinary circumstances, the doctrine of assured clear distance has no application to drivers of automobiles approaching an intersection on different intersecting roads."

In the statement of the reported case it appears that the intersection was obstructed by a corn field. On page 29 of the opinion, Judge Overmyer uses the following language:

"We will be required to say the assured clear distance doctrine would not apply in the present case for there are no circumstances shown that could be classed as extraordinary to exclude the case from the force of the foregoing Supreme Court decision. **(Blackford v Kaplan, 135 Oh St 268).**"

The opinion also cites with approval the following:

Slocumb v Wurst, (2nd Ap. Dis.) 25 Abs 477;

Proctor v White, (2nd Ap. Dis.) 22 Abs 115;

Duffy v Bonnell, (7th Ap. Dis.) 28 Abs 88;

Souder v Hassenfeld, Admr. (6th Ap. Dis.) 48 Oh Ap 377.

The evidence in the instant case presents no extraordinary conditions by which the assured clear distance ahead provision of the Code would be applicable, either with or without explanation.

Following the rule laid down by the Supreme Court, we are required to determine that the trial court was in error in his charge on the assured clear distance ahead.

Counsel for appellee very earnestly argue that even if the trial court was in error in charging on the question of assured clear distance ahead, such error would not be prejudicial, on the theory of the two issue rule. In support of this argument counsel make the following citations:

O. Jur., Vol. 2, page 777;
Sites v Haverstick, 23 Oh St 626;
Schmidt v Kinney, 19 Abs 269;
Natis v Woodruff, 31 Oh Ap 73, Syl 4;
Knisely v Community Traction Co., 125 Oh St 131;
Armour & Co. v Yoter, 40 Oh Ap 225.

The leading case and from which all others emanate is that of Sites v Haverstick, 23 Oh St 626.

The Supreme Court, in the case of Knisely v Community Traction Company, 125 Oh St 131, gave application to the two issue rule, as defined in Sites v Haverstick, supra. On page 133, Judge Marshall, rendering the opinion, makes the following observation:

"This court has not yet in any reported case declared that the rule is applicable where the only separate issues are those of negligence and contributory negligence."

The Supreme Court, however, did so hold in this Knisely case.

In negligence actions several Courts of Appeals of the state, in giving application to the Sites-Haverstick case, supra, have found it necessary to consider and determine whether or not several separately listed claims of negligence are in fact but one general specification of negligence.

Our court in the case of Schmidt v Kinney, decided May 6, 1935, had very serious difficulty with this question. At a prior date we had decided against the two issue rule, 19 Abs 52. Upon rehearing we reversed our former finding and determined that the pleadings presented more than a single issue. 19 Abs 269.

Under the pleadings and the evidence in the instant case, it is our conclusion that the Supreme Court, in the case of Culbertson. Co. v Warden, 123 Oh St 297, has announced the principle that must control. The second syllabus in the reported case reads as follows:

"2. The rule declared in Sites v Haverstick, 23 Oh St 626, has no application to specifications of negligence, separately stated and numbered, but which in fact constitute a single negligent act resulting in a single loss and damage."

On page 302 of the opinion there are set out five specifications of negligence as stated in the petition, as follows:

"1. Failure to place lights upon the plank;

2. Permitting and suffering the plank to be placed where it was dangerous to travel;

3. Negligence in failing to remove the plank;

4. Failing to construct the poles, gates, and guards so that persons using the highway would be informed of its dangerous condition;

5. Failing to employ a watchman to warn the public of the existence of the obstruction."

On page 303, Judge Marshall, rendering the opinion, makes the following statement:

"In the instant case, a careful examination of the five specifications of negligence discloses that, though they are separately stated and numbered, they constitute but a single specification of negligence. They might all have been stated in a single sentence by reciting that the defendants constructed poles and attached thereto an unlighted and an unguarded plank which obstructed a portion of the traveled highway. It was evidently the theory of the majority of the Court of Appeals that the failure to guard by lights or watchman was an act of negligence separate and distinct from the existence of the plank. In this view we do not concur. There was but a single issue of negligence."

In the instant case the specifications of negligence as set out in plaintiff's petition, read as follows:

1. The defendant was operating his automobile at a rate of speed greater than was reasonable and proper for the time and place to-wit: In excess of fifty (50) miles an hour;

2. The defendant was operating his automobile at a rate of speed greater than would enable him to bring it to a stop within the assured clear distance ahead.

3. The defendant failed to slow down his automobile as he approached the intersection even though he knew said intersection was there and even though he knew that the view to the south on the Springboro-Dayton road was obstructed.

4. The defendant failed to have his automobile under control so as to avoid striking the automobile in which the plaintiff was a passenger.

Each and every one of the specifications has as its basis the question of speed, and hence is in fact but one specification of negligence.

Under the existing facts and circumstances Specification No. 2 has no place in the pleading.

Specification No. 3 adds nothing to No. 1. The allegations add nothing since everything contained therein could have been admitted under Specification No. 1.

There was no evidence supporting Specification No. 4 except the evidence of speed.

Other cases having more or less bearing on the question of the two issue rule are the following:

**McAllister v Hartzel, 60 Oh St 69;**

**Cawley v Bolander, 120 Oh St 553, 555, 556;**

**The Cleveland Railway Co. v Masterson, 216 Oh St 42.**

We hold that the trial court committed prejudicial error in instructing the jury on the question of assured clear distance ahead.

2.

"That the trial court erred in refusing to give Special Charge No. 2 requested by appellant to be given before argument."

Special Request No. 2 reads as follows:

"The Court instructs you that it was the duty of Mrs. Riner, the driver of the automobile in which the Plaintiff was riding, to bring her automobile to a full stop before crossing or going upon State Route 725, known as the Centerville-Miamisburg road; that it was her duty to make such stop at a place from which she could ascertain whether she could cross said highway safely; and that it was her duty not to cross or attempt to cross said highway until she did ascertain that she could safely do so.

If you find from the evidence that Mrs. Riner did not bring her automobile to a full stop before crossing or attempting to cross the intersection; and if you find that her failure to stop

was the sole, proximate cause of the collision then your verdict must be for the defendant and against the plaintiff.

If you find from the evidence that Mrs. Riner, did bring her automobile to a stop but did so at a place from which she could not ascertain whether -she could safely cross said highway, and if you find that her failure to stop her automobile at a place where she could ascertain that it was safe to cross was the sole, proximate cause of the collision, then your verdict must be for the defendant and against the plaintiff.

If you find from the evidence that Mrs. Riner attempted to cross the Centerville-Miamisburg Road without ascertaining that she could do so with safety and if you find that such attempt on her part was the sole, proximate cause of the collision then your verdict must be for the defendant and against the plaintiff."

Under the facts in the instant case we think Special Charge █ No. 2 should have been given. It is quite true, as contended by counsel for appellee, that Mrs. Riner was not a party to the suit, but she was involved in the accident and hence it was proper to submit to the jury the question as to whether or not her conduct in the particulars stated was the sole, proximate cause of the accident.

This question was not an affirmative defense, but under defendant's general denial he was privileged █ to not only directly show that he was not negligent, but he also should be permitted to present evidence that some third party was responsible.

"A general denial of negligence and liability on the part of the defendant permits proof that the injury to the plaintiff was caused by the act of a third party."

**Gutterman v Bohn, 20 Abs 69;** also see p. 73 of opinion.

The Court of Appeals of the Ninth District, in the case of **Rothberry v Seaton, 16 Abs 188,** makes reference to this question. We would not subscribe to the statements made in the second syllabus as a general principle of law applicable in all cases.

Counsel for appellee has referred us to several authorities, but we do not find that they are pertinent.

In the case of **Cincinnati Traction Co. v Williams, 115 Oh St 124,** the Supreme Court held that the following charge by the trial court was erroneous:

"If you find from the evidence the defendant was negligent as charged in the petition, and that the plaintiff's injuries were caused solely by the negligence of the driver of the truck, then your verdict should be for the defendant."

It was the reasoning of the court that this charge in effect places the burden upon the defendant to show that the injuries were caused solely by the negligence of a third party. The opinion expressly states that the instruction was violative of the rule stated in **Montanari v Haworth, 108 Oh St 8.** Syllabus 1 of the Montanari case reads as follows:

"In an action for damages claimed to have been caused by the negligent act of the defendant, his answer, which, in addition to a general denial, contained an averment that whatever injuries plaintiff sustained were caused by the negligence of a third party therein named, does not state an affirmative defense, and an instruction of the court which places upon the defendant the burden of proving the negligence of such third party, and that such negligence was the proximate cause of plaintiff's injury, is erroneous and prejudicial to the defendant."

Trial courts very frequently have fallen into the error of charging sole negligence as an affirmative defense. No doubt this is due to the fact that counsel for defendants in their answer are not content with the general denial,

which is sufficient to raise the question of sole, proximate cause, but over-plead and seek to emphasize this question in their answer.

A plea of sole, proximate cause of either a plaintiff or a third ■ party is surplusage when contained in the answer. Many of the cases cited by counsel in the discussion of this issue relate entirely to errors of trial courts in incorrectly placing the burden of proof. We hold that the trial court committed prejudicial error in not giving Special Charge No. 2.

3.

"That incorrect rule as to the measure of damages was given in the general charge."

This specification is very general, but we find from the brief of counsel for appellant that his complaint lies in the failure of the trial court to properly charge as to future damages.

There can be no question that the degree of proof required for future pain and suffering, loss of earning capacity, and so forth, differs from the rule as it applies to accrued damages or past injuries and so forth. The general rule, of course, is that proof must be established by the preponderance of the evidence. The courts of Ohio have very definitely adopted the rule ■ that as to future pain and suffering and so forth, such damages must be shown to a reasonable degree of certainty.

The leading case in Ohio is that of the **Pennsylvania Co. v Files, 65 Oh St 403.** The second syllabus is as follows:

"2. Where prospective damages from an injury are claimed, they should be limited by the court in its charge to such as may be reasonably certain to result from the injury."

Also see the **Toledo Railway & Light Co. v Poland, Gdn., 7 Oh Ap 397,** Syllabus 1 of which reads as follows:

"1. But to justify a recovery therefore the jury must find from all the evidence that reasonable certainty of result exists, and the jury should be so charged."

The Court of Appeals of Lucas County, in the case of **Ottgen v Garey, 41 Oh Ap 499,** makes the following pronouncement in the fourth syllabus:

"4. Prospective damages claimed from injury should be limited by court in its charge to such as evidence shows are reasonably certain to result from injury."

We find that the Supreme Court in some instances where criticizing the charge of the court as being incorrect on the question of future damages, yet has not found such error prejudicial under the particular facts in the case being decided.

If this was the only error, we might be constrained to further investigate its prejudicial character, but since we are reversing on other grounds and in the interest of having a correct charge in the next trial, we hold that this error in connection with others was prejudicial.

4.

"That certain evidence offered by the appellant was erroneously rejected."

This complaint relates to statements supposedly made by Mrs. Riner, sister of plaintiff and driver of one of the cars involved in the accident. Witnesses at the scene of the accident were supposed to have heard Mrs. Riner make the statement that she could not stop; that her car slipped; that it was her fault. Mrs. Riner admitted making some of the statements, denied others and some she did not remember. She further testified that if she made the statements that she was unable to stop, that this referred to the time immediately preceding the collision. Counsel for defendant sought to make the inquiry as to whether or not she had made the statement that it

was all her fault, for the purpose of contradicting plaintiff's testimony as to what she meant in making the statement that she was unable to stop. We have no difficulty in determining that this evidence was not admissible as a part of the res gestae, as is urged by counsel for defendant. In addition it was properly presented as impeaching testimony, and we think the court was in error in not admitting it for this purpose.

Counsel for plaintiff cite the case of **Cotton, a minor v Klein, 123 Oh St 440,** as supporting the ruling of the court.

We have no difficulty in following the cited case, but think it falls far short of being a controlling rule in the instant case. The principle is very easily followed that an expressed opinion of a third party in a lawsuit as to who was at fault has no probative force, and, as stated in the Cotton case, supra, should not be admitted, either as original or impeaching evidence. The expression of an opinion may or may not be based upon the proper premise. It is the ultimate question to be determined by the jury as to who was at fault. An eye witness who gives expression of that character may at the time be honest in his conclusion, but incorrect in his application of the law.

However, this rule of excluding such evidence should not be followed if such statements tend to refute the evidence of such witnesses on a material fact involved in the case, and this is the pronouncement in the case of **Rechklaw et v Born, 118 Oh St 494.**

In the instant case the defendant had the right of way provided he was operating his automobile in a lawful manner. In this, as in all intersection accidents, the question of right of way was a very material factor. It is only natural that counsel would make inquiry of Mrs. Riner as to why and how she happened to be in the intersection. Her testimony tended to exculpate herself from any wrong. The statement allegedly made by her that it was her fault, should have been admitted as affecting her credibility.

If she had given no evidence in chief in explanation of the operation of her car, then, of course, anything expressed by her would not be competent, either as original or impeaching evidence. Such was not the situation in the instant case.

We determine that the court was in error in excluding this testimony.

The judgment of the trial court will be reversed and the cause remanded for retrial.

Entry may be drawn accordingly.

HORNBECK, PJ. & GEIGER, J., concur.