**DIETSCH, Plaintiff-Appellee, v. BURNSIDE MOTOR FREIGHT LINES, Inc., Defendant-Appellant.**

Ohio Appeals, Second District, Madison County.

No. 165.   Decided November 15, 1948.

Wright, Harlor, Purpus, Morris & Arnold, Columbus, D. H. Jackman, London, for defendant-appellant.

Richards & Richards, Columbus, for plaintiff-appellee.

**OPINION**

By HORNBECK, J.:

This is a law appeal from a judgment for the plaintiff in the sum of $42,000.00 and costs entered on the verdict of a jury.

The action was for damages for personal injuries suffered by plaintiff when an automobile in which he was riding was struck by a tractor-trailer operated by a driver of defendant at an intersection in the village of West Jefferson, Ohio, on the 28th of November, 1946.   Defendant admitted liability and there was thus presented to the jury the question only of the extent of the damages suffered by plaintiff and their evaluation in money.

Four errors are assigned, the first directed to special instructions Nos. 1, 3 and 4, given by the trial judge upon the request of plaintiff before argument; the second directed to the general charge; the third and fourth, that the verdict and judgment are excessive, not sustained by the evidence and against the manifest weight thereof and that the verdict is given under the influence of passion or prejudice.

Special instruction No. 1 is,

"The Court instructs you that the defendant admits liability, and that as a result thereof you shall award to Otto Dietsch all of his hospital, surgical and medical bills that he has incurred and that with reasonable certainty will be incurred as a result of the accident described, and also his loss of wages from November 28, 1946, to the date that the result of the forthcoming operation can be determined, and also you will award him a just compensation for the physical and mental pain suffered and that he will suffer as a result of such injury.

In addition you will determine from the evidence whether or not plaintiff's injuries are permanent, and if you believe that his injuries received in this accident are permanent and that he will suffer pain therefrom, and that his ability to labor and earn money is and will be impaired by reason of such injuries, then you will take this into consideration in estimating the damages, but you may not allow the plaintiff more than $58,025.00 in all."

The correctness of this charge is questioned in three particulars. The first, that it failed to limit plaintiff's recovery as to the subject matter covered by the charge to such damages as were shown by the evidence. This objection is met by **Hunter v. Brumby, 131 Oh St 443,** and particularly by the opinion of Chief Justice Weygandt at page 445 and the cases there cited.

Neither in **Ottgen v. Carey, 41 Oh Ap 499,** 181 N. E. 485, nor in **Toledo Railways and Light Company v. Poland, 7 Oh Ap 412,** cited by appellant, was the decisive question the failure to charge that a finding should be made "by the evidence".

The second objection to the charge is that it contains "a plain misstatement of the well-established rule as to future pain and suffering". It is noted that as to future hospital, surgical and medical bills that may be incurred, recovery was limited to such as "with reasonable certainty" would result from the accident and that thereafter, as to future pain which may be suffered, no such limitation is applied.

The first paragraph concludes "you will award him a just compensation for the physical and mental pain suffered and that he will suffer as a result of said injury". The second paragraph, after requiring the finding that the plaintiff's injuries are permanent, continues, "that he will suffer pain therefrom, and that his ability to earn money is and will be impaired by reason of such injuries", and concludes "then you will take this into consideration in estimating the damages * * *."

There are two possible interpretations of this charge, the first of which we believe is more tenable, either one of which, requires the conclusion that it was not prejudicially erroneous to appellee's cause.

The first is that, neither in the expression "just compensation" or "take this into consideration" is there any qualification in the instruction as to the extent of proof required to support an award for future pain and suffering or future impaired earning power. The quantum of proof, though omitted in the instruction, was properly stated in the general charge. and taken together, they fully and correctly instructed the jury not only as to the elements which it should consider but also the extent of the proof required to make the award for damages.

The second is that, in probability, the language employed in the charge, "if you find that he will suffer pain" "his ability to earn money will be impaired" connotes a higher degree of proof than the expression, with reasonable certainty. The cases cited by appellant do not preclude either of the foregoing interpretations.

The leading case of **The Pennsylvania Company v. Files, 65 Oh St 403**, announces the rule which governs, in the second syllabus "Where prospective damages from an injury are claimed, they should be limited by the court in its charge to such as may be reasonably certain to result from the injury." The part of the general charge under consideration in this case was, "You may consider as an element of damage the pain he has suffered, resulting from such injuries, and also such prospective damages, if any, as the jury may believe he has sustained or will sustain." The court said the language of the instruction was too broad but expressed some doubt if it would have reversed on this error alone, inasmuch as the specific objection to it had not been called to the attention of the trial judge. We recently have held that the obligation rests upon counsel (as to a special instruction as well as to a general charge) to call attention of the trial

judge to any infirmity therein. **Portney v. Frank, 77 Oh Ap 357, 33 O. O. 223.** In **Behrens v. Warrick, 32 Abs 437,** that part of the charge does not appear to which objection was interposed because it stated an incorrect rule as to the measure of damages. The court merely quotes with approval the second syllabus of The Pennsylvania Co. v. Files, supra.

In **Toledo Railways and Light Company v. Prus, 7 Oh Ap 412,** it was held that a general charge permitting recovery for "such further pain and suffering as you find from the evidence is liable to ensue", was in conflict with the rule of "reasonably certain", as to such damages, which should be charged. To like effect the first syllabus of the Toledo Railways and Light Company v. Poland, supra. The observation as to the requisite of the charge, although undoubtedly correct, is gratuitous upon any facts appearing in the opinion, and Ottgen v. Carey, supra, where the general charge found to be objectionable was "you may include * * * any amount which you may find from the testimony she is reasonably liable to incur in the future therefor."

There is no question as to the proof required to sustain an award for prospective damages resulting from an injury. It should, however, be noted that in all of the cases cited by appellant, and heretofore discussed, the objectionable pronouncements were in the general charges and were incomplete, inadequate and misleading and included the only direction upon which the juries had to act. Here, if the special charge was incomplete, it contained no improper limitation and the jury eventually had before it in the general charge the proper limitation in fixing prospective damages.

The third objection to the special instruction is that it was prejudicially erroneous for the court to use the word "estimating". We are of opinion that no prejudice resulted by the use of this word in conjunction with the whole instruction. Ford, Receiver, v. Reamsnider, 26 O. C. C. N. S. 535. The effect is the same as if the Judge had used the expression "fixing the damages" or "awarding the damages" or any similar statement.

Special instruction No. 3 is,

"If you find from a preponderance of the evidence that Otto Dietsch had a dormant or inactive arthritis of his lower back, but was otherwise in good health and not suffering any pain or disability, and you further find the injuries received by him in the accident excited, lighted up or developed such inactive arthritis, so that his present condition, **whatever you find it to be,** has directly and proximately resulted therefrom,

then I instruct you that Otto Dietsch is entitled to recover whatever you may find to be the proximate result of such injuries, but in an amount not to exceed $58,025.00." (Emphasis ours.)

It is again urged that this charge is incomplete in that it does not require that the jury find from the evidence. It is not subject to this attack because it specifically provides, "If you find from a preponderance of the evidence that, etc.", and all that follows is qualified by that degree of proof.

It is further claimed that that part of the charge which we have emphasized "whatever you find it to be" is meaningless and to make it intelligible it must be interpreted as the equivalent of "such amount of damages as you may find". We believe that the meaning and purport of the language is "whatever you (the jury) find" the present physical condition of the plaintiff "to be" upon the facts developed.

The final objection to this charge is that it "tells the jury that the entire result of the aggravated condition must be borne by the defendant. The language of the charge is,

"is entitled to recover whatever you may find to be the proximate result of such injuries."

and "such injuries" relates to "the injuries received by him in the accident" and the jury is charged that they may allow damages proximately resulting from the injuries. The use of "injuries" instead of collision, or accident, may be inept but it is not misleading. It is urged that either this special instruction or the general charge on the same subject is erroneous but, as we read them, they are substantially the same, although couched in somewhat different language.

Special instruction No. 4 is,

"If you find that Otto Dietsch had a latent or inactive condition of his lower back known as the 4th and 5th lumbar and sacrum existing before the accident and that this condition was aggravated or touched off by the injury complained of, I charge you the defendant's liability, which it admits, is in no respect lessened or affected by reason of this dormant or inactive arthritic condition."

The record unequivocally shows that there was at all times an issue as to the extent of the after-effects of the physical injury suffered by the plaintiff and likewise an admission of liability only for such damages as were proven. It is our judg-

ment, then, that without respect to punctuation or possible interpretation that may be given the instruction it means, and beyond doubt must have been accepted by the jury as a statement, that it was "defendant's liability" and not the plaintiff's physical condition as set out in the instruction which "it" the defendant, "admits".

. The second assignment of error is directed to the general charge, which is,

"There is some evidence in this case concerning the effect that a second, or repair, operation will or may have on the permanence of the plaintiff's disability. If having such a second operation would endanger the plaintiff's life, he is, of course, under no legal obligation to have such operation, and you should consider and award him damages on the basis of a continuance of his present condition. But if you find that a reasonably prudent man, in the exercise of ordinary care for his own health and well-being, would have such a second operation, then you should consider the effect that such second operation will have on his continued disability. And if you find from the evidence that such operation will prevent a permanent disability, then your award of damages for loss of earning power should extend only to such time as he would reasonably be expected to return to gainful occupation. But if you find from the evidence that such operation will not prevent a permanent disability, then you should consider as a matter of damages the loss that it is reasonably certain he will sustain by his inability to work. And what I have said in regard to the effect of such operation on the plaintiff's loss of earnings applies the same to any future pain and suffering he may or may not be occasioned."

It is first urged that the first part of the charge given to the subject of a second, or repair, operation was not in the case because plaintiff had stated in his testimony that he intended to submit to a second operation. It is said by appellee that he did not unequivocally make such answer. However, the reasonable intendment of what he said in the light of his further testimony, questions of counsel and the language of special charge No. 1, requested by him, is that it was his intention to have the second operation performed. But, if it be conceded that he would have a second operation, the only effect of the preliminary sentences in this instruction was to fix the measure of damages, first, if it prevented a permanent disability or secondly, if it did not prevent a.

permanent disability. If the evidence could not have been misinterpreted by the jury, then it could not have been misled to the extent that it would award any damages to the plaintiff upon the theory that the second operation would not be performed. Even if the court should not have charged on that aspect of the case, such charge could not have been prejudicial because to so find would require an assumption that the jury made a finding at variance with an undisputed fact in the case. Even though the plaintiff was under no legal obligation to have the second operation performed, if he had unequivocally determined to do so, the jury could not have made counter finding and the inadvertence in the charge was harmless. We, of course, are in agreement with the cases cited by appellant to the effect that the charge should be confined to the issues and that is true in the abstract, but if a charge is given which could not be misinterpreted and could not prejudice a party, the giving of it should not be held to be reversible error. The other objections to the charge are covered by what we have already said.

Finally, it is urged that the charge was prejudicially erroneous wherein it said.

"If you find from the evidence that such operation will prevent a permanent disability, loss of wages should extend only until plaintiff could return to gainful occupation.",

but that if it did not prevent "a permanent disability", then they should award damages for such loss of wages as he was then reasonably certain to sustain.

It is evident that some permanent disability will remain though the second operation be entirely successful. There is a definite issue if the second operation is successful as to the extent of the permanent disability, and that, no doubt, is what is meant.

Upon the testimony of Dr. Worstell, the jury could very properly have found that the operations would not only materially limit the plaintiff in performing any manual labor requiring the use of his back, but prevent him returning to the job which he had held before his accident, cause definite limitation of movement, not only in the immediate section of the vertebrae where fused beyond, and that though the plaintiff would suffer less pain he would never be free from it. Neither Dr. Wilson's, Dr. Hurt's testimony nor that of Dr. Worstell is limited to such permanent disability as would be incurred only by the term "immobilization".

Upon a very careful examination of the special charges and the general charge, we can not find that any prejudicial error has resulted to the appellant in the giving of them.

The final assignments of error relate to the claim of excessiveness of the verdict and judgment and that the verdict was stimulated by passion and prejudice. There is nothing in this record upon which passion and prejudice could be predicated unless it could be inferred from the size of the verdict or from the delineation by the witnesses of the nature and extent of plaintiff's injuries and particularly the treatments that he has undergone, the diagnostic measures taken, the operation performed, the aftertreatment and the nature and extent of the proposed second operation, its probability of success and after-effects if, or not, successful. The record discloses a very careful and ethical examination of witnesses by counsel and a careful, precise and dignified professional response by the medical experts. In fact, it is seldom that a record comes to our attention which is as free from any attempt on the part of counsel or witnesses to color the testimony, or to use it to inflame the prejudice of the jury, or to cause it to act beyond the limitation of its power.

The verdict and judgment are high. It would serve no good purpose for us to set out in detail the expenditures already incurred and probably to be incurred. The past expenses are heavy. The future expenses are problematical. It is evident, however, that plaintiff now requires and for an undetermined period of time will require treatments of his back and eventually to submit to a second operation, which though successful, according to Dr. Worstell, will be more severe and more difficult in particulars than the first. The necessary post-operative procedure in the first and second operations is different from that which follows many operations, more distressing and impairs the activity of the patient longer. Much of the damages included in this judgment is, no doubt, for pain and suffering endured and in prospect during plaintiff's expectancy of life, for impairment of earning capacity, past and future. The measurement of this damage is, within all reasonable limitations, in the light of present economic conditions, within the discretion of the jury.

Upon the whole record, we can not say that this judgment is excessive, requiring either a remittitur or a new trial. The judgment will be affirmed.

WISEMAN, PJ, and MILLER, J, concur.